UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDRE LEVESQUE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 17-10615-JCB |
| FEDERAL DEFENDER OFFICE, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS AND
FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

June 5, 2017

Boal, M.J.

For the reasons set forth below, plaintiff's motion for leave to proceed in forma pauperis is ALLOWED and, because the parties have not yet consented to proceed before a Magistrate Judge, the Court will order that this action be REASSIGNED to a District Judge for further proceedings, and makes RECOMMENDATIONS to the District Judge to whom the case is assigned, as follows.

I.   BACKGROUND

Andre Levesque, now residing in New York,[1] initiated this action on April 10, 2017, while in custody at FMC Devens awaiting a civil determination pursuant to 18 U.S.C. § 4246. At that time, plaintiff filed a civil rights complaint seeking monetary damages from several federal defenders. See Docket No. 1. Plaintiff's allegations against Defendants Miriam Conrad,

---

[1] See May 11, 2017 Notice of Change of Address filed in Levesque v. Fort Devens Medical Center, 17-10103-JCB (Docket No. 16).

1

Joshua Hayne and the Federal Defender Office, stem from Mr. Hayne's representation of Levesque in civil commitment proceedings. See United States v. Levesque, C.A. No. 16-12055-IT (pending). With his complaint, Levesque filed a motion to proceed in forma pauperis. See Docket No. 2.

II. DISCUSSION

    A. The Motion for Leave to Proceed In Forma Pauperis

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). Based on the financial disclosures, and because Levesque reports that he is without income or assets to prepay the filing and administrative fees, his motion to proceed in forma pauperis is granted.

    B. Screening

Where, as here, a plaintiff is allowed to proceed without prepayment of the filing fee, summons do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. This statute authorizes federal courts to dismiss a complaint if the claims are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In connection with the preliminary screening, pro se pleadings are construed generously. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004); see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir.1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. at 520). However, even under a liberal construction, the complaint is subject to dismissal for the reasons discussed below.

C.  The Complaint is Subject to Dismissal

To the extent plaintiff alleges violation of his constitutional rights, see Complaint at ¶ 5, such claims may be asserted against federal defendants pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which established a direct cause of action against federal officials for violations of the federal constitution. Under Bivens, Levesque may seek "to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities." DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008).

Defendant Hayne is an assistant federal public defender who was appointed to represent Levesque in a civil commitment proceeding pursuant to 18 U.S.C. § 4246. In Polk Cnty. v. Dodson, 454 U.S. 312, 317–18 (1981), in the context of a Section 1983 civil rights suit, the United States Supreme Court held that public defenders do "not act under color of state law" when performing traditional lawyer duties. Similarly, a federal court-appointed attorney does not act under color of federal law when representing clients in federal criminal proceedings and therefore is not subject to suit under Bivens. Pandey v. Freedman, 66 F.3d 306 (1st Cir. 1995) (unpublished); Barnett v. Levin, No. 1:12-cv-518-JJM, 2013 WL 684454, at *2 (D.N.H. Feb. 25, 2013) (citations omitted); see also Crump v. Morton–Smith, No. C.A. No. 3:10–788, 2010 WL 4719383, at *5 (S.D. W.Va. Oct. 19, 2010) ("It is a matter of well-settled law that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law when performing the traditional functions of a lawyer and, therefore, is not amenable to suit under § 1983 or Bivens."). Thus, the claim against Hayne is subject to dismissal.

To the extent Levesque seeks to hold Miriam Conrad and the Federal Defender's Office liable under a theory of respondeat superior, there is no respondeat superior liability in a Bivens

3

action, and any such claims are also be subject to dismissal. See Ruiz-Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000); see also Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (respondeat superior theory of liability inapplicable to Bivens actions). As such, the claims against Conrad and the Federal Defender's Office are subject to dismissal.

III. ORDER AND RECOMMENDATION

In accordance with the foregoing the, Court orders as follows:

1. Because the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim, this Court will direct that the file be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal for failure to state a claim on which relief may be granted.

2. The Court recommends that the District Judge to whom this case is reassigned that the complaint be dismissed pursuant to 28 U.S.C. § 1915 (e)(2) for failure to state a claim.

IV. REVIEW BY DISTRICT JUDGE

Levesque is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. Levesque is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir.

1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

                                                        /s/ Jennifer C. Boal
                                                      JENNIFER C. BOAL
                                                      United States Magistrate Judge